**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

US SEP 15 PH 4: 10

| | | |
|---|---|---|
| CITIZENS FOR A STRONG OHIO, et al. | : | |
| | : | |
| Plaintiffs, | : | Case No. C2 03-599 |
| | : | |
| v. | : | Judge Smith |
| | : | Magistrate Judge Kemp |
| OHIO ELECTIONS COMMISSION, et al. | : | |
| | : | |
| Defendants. | : | |

---

**MOTION OF PLAINTIFFS**
**FOR**
**EXPEDITED DECLARATORY RELIEF**

---

Pursuant to Rule 57 of the Federal Rules of Civil Procedure ("Rule 57"), Plaintiffs, Citizens for a Strong Ohio ("CSO"), the Ohio Chamber of Commerce ("OCC"), Alpha Corporation, Omega Corporation and John Doe (collectively "Plaintiffs") respectfully move this Court for an order advancing this case on the Court's calendar and for a speedy hearing on the merits of Plaintiffs' claims.

A Memorandum in Support of this Motion is attached hereto.

Respectfully submitted,

William M. Todd, Trial Attorney (0023061)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1300 Huntington Center
41 South High Street
Columbus, OH  43215-6197
(614) 365-2712
Fax (614) 365-2499

Counsel for Plaintiffs

Columbus/344029.1

## MEMORANDUM IN SUPPORT

### Introduction

Plaintiffs have brought this action pursuant to 28 U.S.C. §§2201 and 2202 of the Declaratory Judgment Act. Essentially, Plaintiffs have requested a declaration that Defendants' recent interpretations of Ohio's election laws have impermissibly expanded the scope of Ohio's election laws, retroactively, in violation of Plaintiffs' rights to freedom of speech, due process, and freedom of association, as guaranteed by the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

Specifically, Plaintiffs claim that Defendants current interpretation of Ohio's election laws is vague, overbroad and in direct violation of the limitations placed on such laws by the United States Supreme Court in Buckley v. Valeo, 424 U.S. 1 (1976). Moreover, Plaintiffs' claim that Defendants' decision to apply their new, vague standard retroactively constitutes a clear-cut violation of the Due Process Clause of the Fifth Amendment.

As set forth in Plaintiffs' Complaint, Defendants first adopted this new interpretation in a decision dated May 15, 2003. In its decision, Defendants, acting as the Ohio Elections Commission, established a sui generis interpretation of Buckley, thereby violating their First Amendment rights protected under Buckley, and its progeny.

This decision was not an isolated error by Defendants. They have continued to act as though they are not bound by interpretations of the First Amendment that have been pronounced by the United States Supreme Court and are considered to be well-settled law. For example, on September 4, 2003, Defendants ordered CSO and OCC to release to them, books and records identifying contributors to CSO, despite CSO's assertion of its First Amendment right to keep its

- 2 -

contributors anonymous.   See First National Bank of Boston v. Bellotti, 459 U.S. 87 1982; accord NAACP v. Alabama, 357 U.S. 449 (1958).

Accordingly, as a result of Defendants' unconstitutional actions, Plaintiffs CSO and OCC are now facing the imminent threat of civil and potentially criminal contempt charges for asserting their First Amendment freedoms.

Furthermore, the erratic conduct of Defendants has created a situation in Ohio that is chilling present and future political speech.  No individual or entity can determine what conduct Defendants might assert is a violation of Ohio's election laws.  Plaintiffs, Defendants, and all other Ohioans, need a declaration from this Court setting forth, in definite terms, exactly what conduct is permissible and what conduct is not permissible under Ohio's election laws.  Today, no individual or entity preparing to engage in the debate of great public issues has "fair warning" as to the scope of potentially criminal conduct.  In short, relief is required to prevent Ohio from "criminalizing" protected political speech.

Plaintiffs respectfully submit that the ongoing chill of their rights to freedom of speech and freedom of association, protected by the First and Fifteenth Amendment, are precisely the type of claims contemplated by the "speedy hearing" provisions of Rule 57.

## Rule 57 Standard of Review

In this case, the essential relief sought by Plaintiffs is a declaration as to the proper scope of Ohio's election laws.  In other words, Plaintiffs are seeking a determination from this Court that Defendants' application of Ohio's election laws now, and in the future, must be limited by the broad scope of the protection afforded political speech by the First Amendment, and the Fourteenth Amendment.

- 3 -

Relief under the Declaratory Judgment Act, 28 U.S. §§2201 and 2202, is frequently sought by parties seeking relief from present harm or future harm.  National Rifle Assn. Of America v. Magaw, 132 F.3d 272 (6th Cir. 1997).

In this case, the ongoing harm is the "chilling effect" on Plaintiffs' constitutionally protected rights to freedom of speech and freedom of association.  As evidenced by Defendants continuing ex post facto prosecution of Plaintiffs CSO and OCC as a result of conduct in 2000, this "chilling effect" is real and not simply an illusory concern.  Thus, this situation presents an "actual case" that is "ripe" for determination.  See Virginia Booksellers Ass'n. Inc. v. American Booksellers Ass'n. Inc., 484 U.S. 383 (1988); Dombrowski v. Pfister, 380 U.S. 479, 1965; Dambrot v. Central Michigan University, 55 F.3d 1177 (6th Cir. 1995).

Similarly, in Bush v. Hillsborough County Conservatory Board, 123 F.Supp.2d 1305 (N.D. Fla. 2000), the Court was faced with the need to rapidly resolve violations of federal constitutional rights that were being adversely impacted by the unconstitutional application of certain provisions of Florida law by Florida authorities.  The Court concluded that an expedited declaratory judgment was required to ensure that the constitutional rights of the affected individuals were protected.  Accordingly, the Court granted the requested declaratory relief, even though fewer than 14 days had elapsed from the date the complaint was filed.

Likewise, in National Basketball Assn. v. Williams, 857 F.Supp. 1069 (S.D.N.Y. 1994), the Court scheduled a trial on a request for an expedited declaratory judgment within three weeks of the initial filing of the complaint.  The Court expressly recognized that the business exigencies of the parties required expedited relief under Rule 57, even though the subject matter of the case dealt with the extraordinarily difficult issues of federal antitrust law and its overlap with federal labor law principles.

- 4 -

In this case, expedited relief is also required from this Court to end the unconstitutional "chill" of Plaintiffs' rights to freedom of speech and freedom of association. This is not just a hypothetical concern. The conduct of Defendants has created a cloud of uncertainty regarding the permissible scope of conduct that Plaintiffs may engage in relating to the 2004 elections.

Obviously, the preparations for the 2004 elections are already underway, and the education of Ohioans regarding the issues that are of significance to them must begin in the near future. Of course, preliminary to that educational effort is the need for Plaintiffs to raise the monies required to conduct their educational campaigns in 2004.

For similar reasons, the United States Supreme Court recently heard (September 8, 2003) four hours of oral argument on the similar issues presented in the federal McCain-Feingold legislation. Clearly, in scheduling one of the mere handful of cases that the Supreme Court ever has heard prior to the beginning of its October term, the Supreme Court recognized the importance of the critical constitutional issues raised by improper control of political speech by legislative bodies and agencies that are not fully cognizant of the requirements of the First Amendment.

Here, Plaintiffs respectfully submit that this Court recognize the urgency of the issues presented in this action and schedule this case for final hearing as soon as possible.

Respectfully submitted,

William M. Todd, Trial Attorney (0023061)
SQUIRE, SANDERS & DEMPSEY L.L.P.
1300 Huntington Center
41 South High Street
Columbus, OH  43215-6197
(614) 365-2712
Fax (614) 365- 2499

Counsel for Plaintiffs

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion of Plaintiffs for

Expedited Declaratory Relief was served via U.S. Mail this _15th_ day of September, 2003 upon:

> Sharon Ann Jennings
> Assistant Chief
> Ohio Attorney General
> Chief Counsel Staff
> 30 East Broad Street, 17th Floor
> Columbus, Ohio  43215-3428
> Counsel for Defendants
>
> Clifford Arnebeck, Jr.
> 1351 King Avenue, 1st Floor
> Columbus, Ohio  43212
> Counsel for Intervenor
> Alliance for Democracy
>
> Donald J. McTigue
> 3886 North High Street
> Columbus, Ohio  43214
> Counsel for Intervenor
> Common Cause/Ohio

_William M. Todd_
_____
William M. Todd

- 6 -