**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CITIZENS FOR A STRONG OHIO, et al.,**

    **Plaintiffs,**

  **-V-**                                     **Case No. C2 03-0599
JUDGE SMITH
Magistrate Judge Kemp**

**OHIO ELECTIONS COMMISSIONS, et al.,**

    **Defendants.**

## OPINION AND ORDER

Plaintiffs, Citizens for a Strong Ohio, the Ohio Chamber of Commerce, Alpha Corporation, Omega Corporation, and John Doe seek prospective declaratory relief under 42 U.S.C. § 1983 and the First Amendment. Plaintiffs' claims are based on an Ohio Tenth District Court of Appeals decision that held that plaintiffs' advertisements concerning judicial candidates violated Ohio Revised Code §§3517.21 and 3599.03. In reaching its conclusion, the Ohio Tenth District Court of Appeals found that Ohio Rev. Code §3517.21 is not limited in scope to advertisements containing the words of express advocacy as specifically set forth in Buckley v. Valeo. Common Cause/Ohio v. Ohio Elections Commission, 150 Ohio App.3d 31 (10th Dist. 2002) (citing Buckley v. Valeo, 424 U.S. 1 (1976)). In this case, plaintiffs request this Court to declare, inter alia, that the provisions of the Ohio Revised Code in question cannot be applied to "private" individuals and corporations when they are engaged in "issue advocacy" as defined by the United States District Court.

Defendants move to dismiss under the Younger and Pullman abstention doctrines. For the following reasons, this Court grants the defendants' motion to dismiss.

1

## I.  FACTS

Plaintiff, Citizens for a Strong Ohio is a nonprofit corporation that promotes the economic well being of Ohio and Ohioans.  Plaintiff, the Ohio Chamber of Commerce is a nonprofit corporation that pursues a broad range of activities to support Ohio businesses.  Plaintiff Alpha Corporation is a Delaware corporation and plaintiff Omega Corporation is an Ohio corporation, with their principal places of business in Ohio.  Alpha Corporation has contributed to organizations that engage in independent issue advocacy endeavors that do not expressly advocate the election or defeat of a candidate.  Omega Corporation has not made contributions, but desires to do so in the future.    Defendant, Ohio Elections Commission, is an administrative body created under Ohio Revised Code § 3517.152 to enforce various election statutes.  Defendants Benjamin Marsh, William Booth, Catherine Cunningham, William Mallory, Judith Sheerer, Warren Tyler and William West are currently serving, in their official capacities, as Members of the Ohio Elections Commission. The individual defendants duties include receiving and reviewing complaints about political speech and deciding whether the Elections Commission has probable cause to recommend whether particular speech should be prosecuted as a civil or criminal violation of Ohio's election laws.

On November 1, 2000, the Alliance for Democracy filed a complaint with the Ohio Elections Commission alleging that the Citizens for a Strong Ohio and the Ohio Chamber of Commerce violated several state campaign laws by running advertisements about judicial candidates.  Even though the advertisements communicated information about issues related to judicial candidates, the ads, allegedly, did not expressly advocate for the election or defeat of a particular candidate.[1]

---

[1] "Express" advocacy, as defined here, relates to those words identified in Buckley v. Valeo. Buckley v. Valeo, 424 U.S. 1 (1976).  Those words are "vote for," "elect," "support," "cast your ballot for," or any other exhortation of action.  Id. at 44, fn 52.

On November 6, 2000, the Ohio Elections Commission held a probable cause hearing on the complaint filed by the Alliance for Democracy. The Elections Commission found probable cause to set the matter for hearing. Subsequently, on April 1, 2001, the Elections Commission granted the Citizens for a Strong Ohio's motion to dismiss; however, that decision was ultimately overturned by the Ohio Tenth District Court of Appeals. Common Cause/Ohio, 150 Ohio App.3d 31.

On remand, a hearing was conducted before the Elections Commission. In the Spring of 2003, the Alliance, the Citizens for a Strong Ohio, and the Ohio Chamber of Commerce all filed motions for partial summary judgment. The Elections Commissions subsequently denied the Citizens for a Strong Ohio and the Ohio Chamber of Commerce's motion and granted the Alliance's motion on the grounds that the advertisements in question violated Ohio Revised Code §3599.03. The remaining issues in that case were set for a hearing before the Elections Commission on November 13, 2003.

Plaintiffs the Citizens for a Strong Ohio, the Ohio Chamber of Commerce, John Doe, the Alpha Corporation, and the Omega Corporation,[2] in the case before this Court, assert that the Elections Commission and the Franklin County Court of Appeals have incorrectly interpreted the limitations announced in Buckley. Moreover, plaintiffs assert that the current interpretation of Ohio election statutes "chills" their protected First Amendment free speech rights. As a result, plaintiffs ask this Court to correctly interpret Ohio election law to comport with the "express" advocacy standards permissible under the Federal Constitution so that plaintiffs may finance, support, or oppose political issue advertising without disclosure.

---

[2] Plaintiffs John Doe, an Ohio citizen, Alpha Corporation, and Omega Corporation, both Ohio corporations, use fictitious names in the fear of reprisal for supporting the causes of the Ohio Chamber of Commerce and the Citizens for a Strong Ohio.

## II.  Younger Abstention

Defendants argue that the Court should abstain from hearing this matter under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), and its progeny.  Younger provides that federal courts should abstain from deciding federal or constitutional issues in an ongoing state criminal proceeding except under special circumstances.  Id. at 41.  The doctrine has been extended to cover state administrative proceedings.  Ohio Civil Rights Commission v. Dayton Christian Schools, 477 U.S. 619, 627 (1986).  The doctrine even applies when the plaintiffs assert a chilling effect on First Amendment free speech rights.  Younger, 410 U.S. at 51.

Younger abstention is rooted in the principles of federalism.  Id. at 44.  The notion of "comity," that is, a proper division and respect for state functions, a recognition that our country is divided into fifty individual sovereignties, and a continual belief that our nation's government will fare best if States are allowed to perform separately and independently from it, is deeply rooted in our national and constitutional underpinnings.  Id.  What has been referred to as "Our Federalism," as Justice Black has described it, does not mean total deference to state rights and actions.  Id.  However, the "Our Federalism" principle does mean:

> a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

Id.  This notion of separation not only protects state sovereignty from national infringement but also protects those constitutionally defined state interests, which are at the heart of federalism.  This is why, regardless of the strong desire for a federal court to stick its experienced hand into a burning

issue of First Amendment protection, <u>Younger</u> and its progeny dictate that a federal court must abstain and give deference to the state proceeding.

A three-part test applies to determine whether <u>Younger</u> abstention is required. <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982); <u>Fiegler v. Thomas</u>, 74 F.3d 740, 744 (6th Cir.1996). First, this Court must determine whether there is an ongoing state proceeding. <u>Middlesex County Ethics Committee</u>, 457 U.S. at 432. Second, a determination must be made as to whether the proceeding implicates important state interests. <u>Id.</u> Finally, there must be an adequate opportunity in the state proceeding to raise constitutional challenges. <u>Id.</u> If these three factors are met, then the court must turn to the outlined exceptions to determine whether the court can still proceed regardless of <u>Younger</u>. Those exceptions are bad faith prosecutions, patently unconstitutional state laws, or where there is no adequate state forum to hear the plaintiff's constitutional claim.

As to the first requirement under <u>Younger</u>, defendants assert that this action stems from a complaint currently pending before the Elections Commission and another virtually identical complaint that was recently decided by the Elections Commission. The proper time frame for determining whether a state proceeding is pending is the time of the filing of the complaint in federal court. <u>Zalman v. Armstrong</u>, 802 F.2d 199, 204 (6th Cir.1986).

At the time this action was filed in federal court, the state action pending against the Citizens for a Strong Ohio and the Ohio Chamber of Commerce was dismissed, reversed on appeal, and remanded. However, the state action is currently pending before the Ohio Elections Commission. Hence, the state administrative proceeding is still pending; therefore, the first requirement for <u>Younger</u> abstention is met.

There is no disagreement in the record as to whether an important state interest is involved. Thus, the second requirement for <u>Younger</u> abstention is met.  <u>See</u> <u>Walter v. Cincione</u>, 2000 WL 1505945 (S.D. Ohio 2000)(concluding that Ohio does have an important state interest in the electoral process).

As to the final requirement for <u>Younger</u> abstention, plaintiffs were afforded a full opportunity to present constitutional arguments to the Ohio Elections Commission, and plaintiffs still have the opportunity to appeal any adverse ruling to an Ohio court under Ohio Revised Code 119.12.  Plaintiffs argue that the decision regarding the First Amendment issue has already been made, and those decisions have a chilling effect on plaintiffs' free speech rights.  Nevertheless, plaintiffs may still appeal the Commissions ruling to the Franklin County Common Pleas Court to the Ohio Tenth District Court of Appeals, to the Supreme Court of Ohio and, finally, to the United States Supreme Court.  Plaintiffs argue that this process is time consuming, and, therefore, this Court should intervene and determine what the correct law is.  However, that argument is unconvincing since <u>Younger</u> abstention applies even if there is a "chilling" effect on speech.  <u>Younger</u>, 401 U.S. at 51.  Thus, assuming <u>arguendo</u> that there is a direct First Amendment constitutional violation, <u>Younger</u> precludes this Court from deciding the issue when a competent and accessible avenue of state courts is available to decide the problem.  <u>Younger's</u> third requirement is therefore satisfied.

<u>Younger</u> does not present an issue of evaluation, i.e., whether a state court has properly decided an issue; rather, <u>Younger</u> presents an issue of comity, i.e., whether a federal court can decide an issue that is pending in a state court.  According to plaintiffs, the Court must decide whether the

6

Ohio election laws are correctly being determined for issue advertisements. However, all three prongs of Younger are met, and the Court must therefore abstain from hearing the issue.[3]

### III.  CONCLUSION

Based on the above, the Court **GRANTS** defendants' Motion to Dismiss (Doc. 4). The Court, in accordance with the abstention doctrine established in Younger, will abstain from hearing any claims in this case.

The Clerk shall remove Doc. 4 from the Court's pending motions list.

**IT IS SO ORDERED.**


     /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3]  Even if plaintiffs believe that the state courts interpreted Ohio law in violation of the Federal Constitution, the federal district court is not an avenue of appeal. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). These cases, which gave rise to the Rooker-Feldman doctrine, stand for the proposition that the United States Supreme Court is "the only avenue for federal review of state court proceedings." Patman v. Michigan Supreme Court, 224 F.3d 504, 506 (6th Cir. 2000). Administrative proceedings that are judicial in nature and have state appellate review are subject to the same restrictions. Id.